## BUDDE v. NAVARRO OIL CO.

No. 3737.

Court of Civil Appeals of Texas. Beaumont.

Nov. 14, 1940.

Rehearing Denied Dec. 4, 1940.

Greenwood, Moody & Robertson, of Austin, and C. O. Marsh, and McComb & Davis, all of Conroe, for appellant.

Farish, Durno & Gordon, DeWitt M. Gordon, Jr., and Robert S. Durno, all of Houston, Pitts & Liles, of Conroe, and Peter M. Chuoke, Jr., of Houston, for appellee.

WALKER, Chief Justice.

In cause No. 17220, S. O. Shaffer v. J. B. Brown, in district court of Montgomery county, judgment by agreement was entered on the 29th day of May, 1935, dividing among J. B. Brown and his wife, Mary F. Brown, S. O. Shaffer and his wife, Mary D. Shaffer, and Leo W. Budde, the Brown pre-emption survey of 50.39 acres of land in Montgomery county, in the following proportions: to J. B. Brown and wife, Mary F. Brown, the surface rights and an undivided one-half interest in the mineral rights; to S. O. Shaffer and wife, Mary D. Shaffer, and Leo W. Budde, jointly, the other one-half interest in the mineral rights. It was further decreed "that the said S. O. Shaffer and M. D. Shafer and the intervenor, Leo W. Budde, shall hold the interest hereby decreed to them 60% to the said S. O. Shaffer and wife, M. D. Shaffer, and 40% to the intervenor, Leo W. Budde." All other parties to the suit were disposed of by the terms of the judgment. On June 14, 1932, the Browns executed a mineral lease to Navarro Oil Company, covering the E. P. Brown pre-emption survey, the land in controversy in cause No. 19220. On February 10, 1933, the Shaffers executed a mineral lease on this survey, duly recorded, to Navarro Oil Company, retaining a royalty interest of 1/8th in the oil in and under the land. We give section No. 1 of this lease: "1. Lessor in consideration of ten and no/100 dollars ($10.00) in hand paid receipt of which is hereby acknowleged and other consideration as stipulated and provided for in a contract of even date herewith between the undersigned parties and other interested parties, the original of which is in possession of J. L. Pitts, Conroe, Texas."

The contract referred to in the Shaffer lease, and of even date therewith, was executed by S. O. Shaffer and wife, Mary D. Shaffer, the law firm of Pitts & Liles, and W. N. Foster as lessors, and Navarro Oil Company as lessee, and provided for an oil payment of $50,000 by Navarro Oil Company to the lessors out of oil to be produced from the leased premises, and provided further for an additional royalty interest of 1/32nd payable also by Navarro Oil Company.

Leo W. Budde intervened in cause No. 17220, after Shaffer had executed his lease to Navarro Oil Company, alleging that S. O. Shaffer and Mary D. Shaffer were holding in trust for him an undivided one-half interest in the Brown survey. On the 15th day of November, 1933, the district court of Montgomery county entered its judgment in cause No. 17220 against the Browns and in favor of the Shaffers and Budde for the title and possession of the Brown survey, the land in controversy, and on an agreement between the Shaffers and Budde divided the land in controversy between them, 3/5ths to the Shaffers and 2/5ths to Budde. The

agreement between the Shaffers and Budde became a final judgment, but on appeal the judgment against the Browns was reversed by this court and the cause remanded for a new trial, as between them claiming all the land in controversy and the Shaffers and Budde claiming all the land in controversy; Brown v. Shaffer, Tex.Civ.App., 78 S.W.2d 1054, former opinion, Shaffer v. Brown, Tex.Civ.App., 59 S.W.2d 854.

The judgment of May 29, 1935, referred to above, was entered after the second remand, and was on the following written agreement, and a copy of the judgment was attached as an exhibit to the agreement:

"J. B. Brown, et al  
   —and—      No. 19121  
Navarro Oil Company

"This Contract and Agreement made and entered into on this 1st day of May, 1935, by and between J. B. Brown and wife, Mary F. Brown and assigns, hereinafter referred to as 'Brown', S. O. Shaffer and wife, M. D. Shaffer, and assigns, hereinafter referred to as 'Shaffer', Leo W. Budde and assigns, hereinafter referred to as 'Budde', and Navarro Oil Company, a corporation, hereinafter referred to as 'Navarro', Witnesseth:

"Whereas, 'Brown', 'Shaffer' and 'Budde' are in litigation over the title in and to the property hereinafter described; and

"Whereas, 'Navarro' owns the oil and gas mining rights under the terms and conditions of certain oil and gas mining leases hereinafter referred to the seven-eighths (7/8ths) working interest in and to said property; and

"Whereas, the said 'Brown', the said 'Shaffer' and the said 'Budde' are desirous of settling, compromising and disposing of their controversy over the title in and to said property and their interest therein and thereto; and

"Whereas, 'Navarro' is desirous of contributing and aiding them to the extent of and as hereinafter provided:

"Now, Therefore, it is hereby agreed by and between the parties hereto as follows, to-wit:

"1. The said 'Brown', 'Shaffer' and 'Budde', and all interests which they represent hereby agree that they will make, execute and deliver unto 'Navarro' a new lease which will be an affirmation and confirmation of the leases heretofore made, executed and delivered by 'Shaffer' and 'Brown' providing for the usual one-eighth (1/8th) royalty to the land owner and other provisions usually contained in Texas 88 Producers Form Lease, which, however, shall in the discretion of the 'Navarro' be on either form of lease heretofore executed by 'Brown' or 'Shaffer'; and said parties shall execute releases of all oil payments provided in said leases owned by them to 'Navarro' except one-thirty-second (1/32nd) royalty as provided in Paragraph No. 7 hereof.

"2. It is further agreed by the 'Navarro' that in consideration of the execution of the new lease covering said property hereinafter described in lieu of and in substitution for the two leases which have heretofore been executed by 'Brown' and 'Shaffer' the said 'Navarro' agrees to pay, as hereinafter provided, the sum of Sixty-one Thousand Two Hundred Dollars (61,200.00) the land referred to above being described as follows: The E. P. Brown Preemption Survey in Montgomery County Texas, Patent No. 117, Vol. 29, containing by actual survey 50.39 acres, and being more particularly described in oil, gas and mining lease from J. P. Brown and others to Navarro Oil Company of date June 14, 1932, recorded in Vol. 143, page 457 of the Deed Records of Montgomery County, Texas, in oil, gas and mining lease from S. O. Shaffer and wife, M. D. Shaffer, to Navarro Oil Company of date February 10, 1933, recorded in Vol. 155, page 563, Deed Records of Montgomery County, Texas.

"3. It is further agreed between 'Brown', 'Shaffer' and 'Budde' that all moneys received from any and every source, including the 'Navarro' as bonus payment, and the Tidal Pipe Line Company, shall be divided between 'Brown' and 'Shaffer' and 'Budde', one-half to 'Brown' and sixty (60) per cent of one-half to 'Shaffer' and forty (40) per cent of one-half to Budde, and the checks therefor shall be made out to said interest as directed and this agreement and contract shall be the authority and direction to said companies for such payment.

"4. It is further agreed between the parties hereto that said law suit and the controversy between the parties hereto shall be settled and finally disposed of upon the following basis, to-wit:

"(a) The said J. B. Brown and wife, Mary F. Brown, in their individual right, shall have the title to said land, together with the full fee simple title in and to one-half of all mineral rights therein and thereto.

"(b) The said S. O. Shaffer and M. D. Shaffer and Leo W. Budde shall have the full fee simple title in and to one-half of all mineral rights in said land, with the right of ingress and egress, and the right to enter and do geophysical and other exploration work, and the right to enter upon and explore, develop and operate the mineral rights in and to said land without any obligation whatsoever unto the said 'Brown' for any damages of any character of nature. The one-half awarded to the said 'Shaffer' and 'Budde' shall be apportioned by said judgment sixty (60) per cent to 'Shaffer' and forty (40) per cent to 'Budde'. A copy of the judgment to be entered in said cause is hereto attached and made a part hereof.

"5. It is further agreed between the parties hereto that all unpaid court costs and all accrued taxes due and payable shall be paid by 'Navarro' out of the Sixty-one Thousand Two Hundred Dollars ($61,-200.00) which they hereby obligate themselves to pay and the balance of the said Sixty-one Thousand Two Hundred Dollars ($61,200.00) distributed between the parties hereto as herein provided.

"6. It is further expressly agreed as to the accumulated one-eighth royalty now held by the Tidal Pipe Line Company the same shall be, as hereinafter provided, divided equally between 'Brown' and 'Shaffer', the 'Shaffer' interest to be divided sixty (60) per cent to 'Shaffer' and forty (40) per cent to 'Budde'. It is further expressly agreed that 'Navarro' shall be entitled to receive all accumulated oil now held by the Tidal Pipe Line Company on account of oil payments provided in leases heretofore executed, and this agreement is the authority and direction of said Tidal Pipe Line Company, to pay over and deliver to said 'Navarro' all said sums, and this instrument shall be their voucher and acquittal therefor.

"7. It is further expressly agreed by and between 'Navarro' and 'Shaffer', that 'Shaffer' and the interest represented by 'Shaffer' herein shall have and receive during the productive life of the lease of the 'Navarro', a one-thirty-second (1/32nd) royalty effective as of May 1, 1935 in addition to the landowner's one-eighth (1/8th) royalty provided in the lease to be executed to the said 'Navarro'.

"This contract is signed and executed by all the parties interested in said property on the day and year hereinbefore set out.

"Parties Designated 'Shaffer'.

S. O. Shaffer.   M. D. Shaffer.   Pitts & Liles, by:

J. L. Pitts.   J. L. Pitts.   J. Robert Liles.

"Parties Designated 'Brown'

Guy H. Hooper    J. B. Brown
W. N. Foster    Mary F. Brown
R. D. Simonton    S. A. Crawford
W. A. Evans    T. W. Crawford
W. L. Dean,
By: S. W. Dean
   Frank Dean,
Emma Wycough, executors of Estate of W. L. Dean, Deceased. T. E. Humphrey, Individually and as surviving partner of Dean & Humphrey. Also Ind. Exr. Estate of Ella Corley, Dean, decd.

"Parties Designated 'Budde'
   Leo W. Budde.

"Llewellyn, Dougharty & Reeves,
   By: J. Llewellyn
     F. K. Dougharty,
     Geo. E. Reeves.

"Navarro Oil Company,
   By: Jeff D. Farish, Attorney."

The new lease called for by the agreement upon which final judgment was entered was duly executed and delivered, and reserved in the lessors a 1/8th royalty. We quote as follows from that lease: "S. O. Shaffer & wife, et al.—To—Navarro Oil Company. *19122* This agreement made this 1st day of May, 1935, between S. O. Shaffer and his wife, M. D. Shaffer; Pitts & Liles, a partnership composed of J. L. Pitts and J. Robert Liles; Guy H. Hooper; W. N. Foster; R. D. Simonton; W. A. Evans; Dean & Humphrey, a partnership formerly composed of W. L. Dean and T. T. Humphrey; W. L. Dean by Frank Dean, W. S. Dean, Emma Wycough, Executors of estate of W. L. Dean, deceased; T. E. Humphrey; J. B. Brown, Mary F. Brown, S. A. Crawford, T. W. Crawford, Leo W. Budde; Llewellyn, Dougharty & Reeves, a partnership composed of J. Llewellyn, Frank Dougharty, and George E. Reeves; and Foster & Williams, a firm composed of W. N. Foster and W. M. Williams; and W. M. Williams, lessors (whether one or more), and Navarro Oil Company, Lessee, Witnesseth: * * * 3–a In addition to the one-eighth (1/8) royalty herein reserved by the Lessors, there is reserved, and the Lessee obligates itself to pay unto S. O. Shaffer and wife, M. D. Shaffer, and their

assigns, effective as of May 1st, 1935, as a royalty one-thirty-second (1/32nd) part of the production from said land if, as and when produced."

Leo W. Budde conveyed to his attorneys, Geo. E. Reeves, and Llewellyn & Dougharty, one-half of his interest in the E. P. Brown survey. On the 29th day of May, 1935, the date of the final judgment referred to above, Budde and his attorneys, Reeves and Llewellyn & Dougharty, executed a division order, in part as follows:

"The undersigned, and each of us, as sellers, guarantee and warrant that we are the legal owners, in the proportions set out below, of all the oil produced from the Navarro Oil Co.—Brown-Shaffer-Budde Lease located in the E. P. Brown Preemption Survey in Montgomery County, State of Texas, and commencing at 7:00 o'clock A. M. on the 1st day of May, 1935; and until further notice, from the undersigned, you are authorized to receive for purchase and give credit for all oil received from said property as per directions below:

|                        | Division of Interest |
|------------------------|----------------------|
| Credit to              |                      |
| Leo W. Budde           | 1/10 of 1/8          |
| George E. Reeves       | 1/20 of 1/8          |
| Llewellyn & Dougharty  | 1/20 of 1/8."        |

On the 12th day of September, 1935, Budde executed to the pipe line company a second division order, describing his royalty interest as in the first division order.

On the 6th day of June, 1935, the Shaffers executed a release to the Navarro Oil Company, referring to the original lease, of date 10th day of February, 1933, executed by them to Navarro Oil Company, and to the supplementary contract of even date with the lease, providing for the bonus payment and for the additional royalty of 1/32nd. We quote as follows from that release:

"Whereas, on May 1, 1935, there was a new lease entered into between all parties interested in said land growing out of said litigation and conveyances from the original litigants, in which lease it was provided to pay S. O. Shaffer and M. D. Shaffer, and their assigns, effective as of May 1, 1935, a royalty equal to 1/32nd part of the production of said lease.

"Whereas, Navarro Oil Company has agreed, in order to assist in compromising said litigation, to pay a cash consideration to be divided between all parties as per the judgment of the court and the signed agreement entered into on the first day of May, 1935, directing Navarro Oil Company to make said payment, which said sum Navarro Oil Company agreed to pay was $61,200.00, all oil payments to be paid back to Navarro Oil Company as well as any funds or moneys it had in escrow.

"Now, therefore, in consideration of the above, we, S. O. Shaffer and M. D. Shaffer, his wife, hereby relinquish and release unto Navarro Oil Company any claim whatsoever of any oil payment or any overriding royalty other than that named in the new lease dated May 1, 1935."

Navarro Oil Company was at no time a party to cause No. 17220. It drilled oil wells on the Brown survey and produced oil therefrom continuously from 1933 to the present day, and delivered all the oil produced by it to the pipe line company.

Leo W. Budde, the appellant, filed this suit against appellee, Navarro Oil Company, on the 31st day of May, 1937, claiming 40% of the overriding royalty of 1/32nd of all the oil produced subsequent to the 10th day of February, 1933, from the E. P. Brown pre-emption survey, the land in controversy in cause No. 17220, and of all oil to be produced in the future. The theory of his petition is that by the contract dated May 1, 1935, and the judgment rendered thereon on the 29th day of May, 1935, appellee obligated itself to pay him, in addition to other royalties, "40% of a 1/32nd part of the production from said land subsequent to the 10th day of February, 1933, as when produced."

Appellee answered by plea in abatement that the contract dated May 5, 1935, provided that the 1/32nd royalty put in issue by appellant's petition was to be paid by it to Shaffer and the interest represented by Shaffer, as described in the contract of settlement, further by general demurrer, general denial, plea of not guilty, and specially pleas of the several statutes of limitations.

On trial to the court without a jury, the plea in abatement was overruled, and on the merits judgment was entered that appellant take nothing by his suit. No findings of fact or conclusions of law were requested or filed. By the recitations of its judgment, the court found "as a fact that Leo W. Budde had no actual knowledge prior to June 12, 1935, of the one-thirty-second overriding royalty interest retained by

S. O. Shaffer et al., in connection with the oil and gas lease executed by S. O. Shaffer et al., to the Navarro Oil Company, dated February 10th, 1933. That no part of the 1/32nd overriding royalty oil was placed in the pipeline to the credit of Leo W. Budde, but all of the oil due on said 1/32nd overriding royalty was placed in the pipeline to the credit of other lessors."

Appellant has duly prosecuted his appeal to this court.

### Opinion.

The finding of the court made in its judgment that appellant had no "actual knowledge" of the 1/32nd overriding royalty prior to the 12th day of June, 1933, must be construed as knowledge in fact; that because the lease made by the Shaffers to appellee, which was of record and to which appellant was privy by virtue of the judgment of November 15, 1933, clearly referred to this royalty contract and advised appellant where it could be found; again, the contract of settlement of May 1, 1935, to which appellant was a party by his personal signature, referred directly to the overriding royalty contract, and its release was a part of the consideration for the execution of that contract.

The agreement of May 1, 1935, expressly provided that the 1/32nd overriding royalty belonged to the Shaffers and their privies, and that appellant had no interest therein; by the express language of the contract, appellant was excluded from the Shaffer privies. Clause No. 7 of the contract of settlement is clear and without ambiguity, and affirmatively invests title to the 1/32nd overriding royalty in the Shaffers. The language of the contract is clear that appellant had actual notice by its very terms of the nature and beneficiaries of the 1/32nd overriding royalty; not only that, but the contract of settlement called for a new lease to be executed by all the parties, and appellant joined in the execution of that lease. The new lease expressly provided that the overriding royalty should belong to the Shaffers and their assigns—the terms of the contract excluded appellant from among the Shaffer assigns. Knowing the nature and obligations of the contract providing for the 1/32nd overriding royalty and that he had no interest therein, appellant executed two division orders dividing his royalty payments and directing their payment; in these orders he made no claim to the overriding royalty. By the terms of the settlement agreement, appellant authorized appellee to pay the proceeds of the overriding royalty to the Shaffers. Appellant's attorneys owned one-half his interest; they are not parties to this suit, nor have they at any time claimed any interest in the overriding royalty.

Shaffer v. Brown, cause No. 17220, had been in court a long time; the Brown survey was valuable oil property; the proceeds of the oil produced from this survey were held by the pipe line company, and the owners were deprived of its use. The contract of May 1, 1935, was an agreement on a valuable consideration whereby the proceeds of this oil were released for distribution. As a consideration moving from him, appellant released his interest in this royalty, and agreed that it should be paid to the Shaffers. Appellant had no interest in the overriding royalty under the contract of May 1, 1935.

If not entitled to an interest in the overriding royalty of May 1, 1935, then appellant asserts that he is entitled to 40% of 1/32nd of the oil produced from February 10, 1933, to May 1, 1935. That contention is denied. By the express provisions of the settlement agreement of May 1, 1935, all oil run prior to that date was released to appellee and paid for by appellee under the terms of the agreement, and appellant received his interest in the proceeds of that settlement.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.